# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 4, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**REBECCA L. FRIEND,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1300** (BOR Appeal No. 2049374)
                    (Claim No. 2011029448)

**WEST VIRGINIA UNITED HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca L. Friend, by J. Marty Mazezka, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health System, by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2014, in which the Board affirmed an April 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 8, 2013, decision denying Ms. Friend's request to add the diagnosis of spondylolisthesis as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Friend worked as certified nurse assistant for West Virginia United Health Systems. On February 19, 2011, Ms. Friend suffered an injury to her low and mid-back while attempting to move a heavy patient. The claim was held compensable for the conditions of lumbar and thoracic sprains. Ms. Friend is requesting that the diagnosis of spondylolisthesis be added as a compensable condition. The claims administrator denied the request to add the diagnosis of spondylolthesis as a compensable condition based on the findings of Steven C. Miller, M.D., and

1

the lack of any medical evidence proving a causal relationship existed between Ms. Friend's spondylolisthesis and the work injury.

The Office of Judges affirmed the claims administrator's decision and found that Ms. Friend has not demonstrated that spondylolisthesis should be added as a compensable condition. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Friend disagrees and asserts that the diagnosis of spondylolisthesis should be added as a compensable condition. West Virginia United Health System maintains that there is no evidence that the work-related injury caused Ms. Friend's spondylolisthesis and that all of the medical providers found Ms. Friend's spondylolisthesis is a pre-existing condition.

The Office of Judges found that the medical evidence demonstrates that Ms. Friend's spondylolisthesis pre-existed the compensable injury, and therefore, the Office of Judges denied adding spondylolisthesis as a compensable condition because it was not caused by the compensable injury. The Office of Judges noted that its decision did not decide the issue of whether the compensable condition aggravated the pre-existing spondylolisthesis but only whether the diagnosis of spondylolisthesis is a compensable condition.

This Court agrees with the conclusions of the Board of Review. Ms. Friend's request was to add the diagnosis of spondylolisthesis as a compensable condition. The medical evidence proves that Ms. Friend's spondylolisthesis is a pre-existing condition that was not caused by the work injury. Whether the work injury did or did not aggravate Mr. Friend's pre-existing spondylolisthesis is not an issue before this Court at this time. The preponderance of the evidence proves that Ms. Friend's spondylolisthesis is pre-existing and was not caused by the work injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II